# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL D. LOWERY,  )
JAMES E. LANE, and  )
ELCO Q. PIERCE,  )
 )
 )
       Plaintiffs,  )
 )
v.  )    No. CIV 09-286-RAW-SPS
 )
DREW EDMONDSON, et al.,  )
 )
       Defendants.  )

## OPINION AND ORDER

Plaintiffs, who are inmates at Davis Correctional Facility in Holdenville, Oklahoma, have filed a motion requesting the court to appoint counsel [Docket No. 5]. The motion also requests certification of this case as a class action with the class consisting of "all present and future Oklahoma Department of Corrections inmates, both male & female members of the Moorish Science Temple of America, Inc, in the State of Oklahoma (including all 'ODOC' of [sic] 'ODOC' **contract** private penal institution(s))." Their complaint, filed pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, alleges a new ODOC policy prohibits the plaintiffs, as adherents of the Moorish Science Temple of America, Inc., from purchasing, possessing, and wearing their religious headgear, consisting of a fez and a turban.

The plaintiffs bear the burden of convincing the court that their claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The court has carefully reviewed the merits of the plaintiffs' claims, the nature of factual issues raised in their allegations, and their ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838

(citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering the plaintiffs' ability to present their claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Regarding class certification, courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Although a pro se litigant has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g., United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978). After careful review of the complaint, the court finds the plaintiffs cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

**ACCORDINGLY,** the plaintiffs' motion for appointment of counsel and for class certification [Docket #5] is DENIED.

**IT IS SO ORDERED** this 23rd day of July 2009.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

2