# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

MAR 29 2011

WILLIAM C. GUTHRIE
Clerk U.S. District Court
By_____ Deputy Clerk

MICHAEL D. LOWERY,           )
JAMES E. LANE, and           )
ELCO Q. PIERCE,              )
                             )
           Plaintiffs,       )
                             )
v.                           )    No. CIV 09-286-RAW-SPS
                             )
DREW EDMONDSON, et al.,      )
                             )
           Defendants.       )

## OPINION AND ORDER

This action is before the court on the defendants' and the plaintiffs' motions to dismiss or for summary judgment. The court has before it for consideration plaintiffs' complaint, the parties' motions and responses, and special reports prepared by the Oklahoma Department of Corrections (DOC) and Davis Correctional Facility (DCF) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

The three plaintiffs, inmates in the custody of DOC, are incarcerated at DCF in Holdenville, Oklahoma. They brought this action under the authority of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), seeking injunctive relief for alleged constitutional violations during their incarceration at DCF. The defendants are Drew Edmondson, former Attorney General for the State of Oklahoma; Justin Jones, DOC Director; Debbie L. Morton, DOC Director's Designee; Leo Brown, DOC Religious

Coordinator; and Bill Boyd, DCF Assistant Warden/Religious Director.[1]

The plaintiffs allege they are adherents of the Moorish Science Temple of America, Inc., Institutional Branch Temple, Holdenville, Oklahoma. They are complaining that their rights of equal protection and free exercise of religion have been substantially burdened through a civil conspiracy by the defendants. They specifically allege that in the Spring or Summer of 2006 or 2007, the DOC enacted a new religious headgear policy, OP-030112, which states that "all religious headgear must lay flat on the head." The plaintiffs' religious headgear, consisting of fezzes and turbans, does not comply with this requirement. They argue they are being singled out at DCF, because nonreligious baseball caps and cowboy hats are allowed to be worn anywhere in the facility, and members of orthodox religions are permitted to keep their religious headgear in their cells. The plaintiffs maintain the new religious headgear policy was enacted under the pretext of security, when its real purpose was to arbitrarily and maliciously deny their constitutional rights as adherents of a non-mainstream religion. The plaintiffs contend the DOC's claim that the fezzes, which stand five inches above the head, could be used to conceal contraband is an exaggerated response to security concerns. They assert their religion directs them to carry their fezzes to the temple (presumably from their cells) and wear the fezzes inside the temple, and they object to storing the fezzes in the chaplain's office. The plaintiffs claim that keeping the fezzes in their cells would give them better control against abuse, disrespect, or calculated harassment, and they

---

[1] To the extent the DOC defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

argue that members of other religions are allowed to wear their headgear anytime and at any place. Finally, the plaintiffs allege the defendants have a "sinister" purpose in not allowing the fezzes, because certain high-ranking DCF employees, including Defendant Bill Boyd, are Masons who also wear fezzes, and Masons object to the plaintiffs' wearing the headgear. The plaintiffs ask for relief in the form of an order allowing them to purchase, possess, and wear their fezzes and turbans.

As an initial matter, the DOC defendants properly allege that any claims that arose before July 21, 2007, must be dismissed because of the expiration of the statute of limitations. The statute of limitations for a civil rights cause of action in Oklahoma is two years, *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), and this action was filed on July 21, 2009. Therefore, any claims arising before the two-year limitations period is barred.

The defendants allege the plaintiffs have failed to exhaust the administrative remedies for their claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).² Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to

---

² Exhaustion of administrative remedies also applies to RLUIPA claims. *See Cutter v. Wilkinson*, 544 U.S. 709, 723 n.12 (2005) (citing 42 U.S.C. § 2000cc-2(e)).

3

dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The special reports state that the DCF Grievance Officer has reviewed the facility grievance records from 2008 to present. According to her affidavit, she found that Plaintiffs Lane and Pierce filed no grievances related to issues in the complaint during that period. Plaintiff Lowery filed one grievance dated April 10, 2008, asking to keep a fez in his cell and to wear the fez during religious services. The grievance was denied on April 28, 2008, because DOC policy required all religious headgear to lay flat on the head. Lowery was advised he could mail the item home at his own expense to avoid having it declared contraband.

On May 8, 2008, Lowery appealed that determination to the DOC, based on "newly

discovered/available evidence not considered by the reviewing authority." The alleged newly-discovered evidence was that fezzes already were present in the DCF, the fezzes had been worn to Moorish meetings since March 17, 2008, and no security issues had arisen concerning the fezzes. Lowery further asserted that the religious headgear policy was discriminatory, because it singled out religious groups using headgear that does not lie flat on the head, and the policy violated RLUIPA.

On May 14, 2008, Defendant DOC Director's Designee Debbie L. Morton denied Lowery's ground for appeal as follows:

> 1. Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which is [sic] considered may alter the decision. The inmate/offender must clearly state the newly discovered/available evidence.
>
> In your grievance appeal, you did check number one, and did not substantiate your appeal nor did you substantiate your appeal with any authority for an error. As such, there has been nothing offered to the Director which indicates the reviewing authority's response is not proper. Therefore, the reviewing authority's response is affirmed, and relief is denied. The inmate will have satisfied the exhaustion of administrative remedies required by 57 O.S. § 564. However, the grievance procedure does not satisfy the additional requirements for exhaustion of administrative remedies required by the Governmental Tort Claims Act, 51 O.S. § 151 et seq.

[Docket #76-4 at 8].

Although the defendants assert Plaintiff Lowery has failed to properly exhaust the administrative remedies for any of the claims presented in his complaint, the record shows he has exhausted his administrative remedies for his claim concerning keeping a fez in his cell and wearing it for religious services. The defendants correctly allege Lowery did not raise his claims of equal protection and RLUIPA violation until he submitted his DOC

appeal, and he never raised a claim of civil conspiracy in the administrative remedies process. Plaintiff Lowery also failed to initiate and complete the grievance policy with regard to any claims concerning a turban as part of his religious headgear, and he concedes that claim should be dismissed without prejudice. The court, therefore, finds Plaintiff Lowery's claim concerning keeping a fez in his cell and wearing it for religious services has been exhausted and may continue.

**ACCORDINGLY,** the defendants' motions to dismiss [Docket #76 and #78] are GRANTED with respect to Plaintiff Lane and Plaintiff Pierce for their failure to exhaust administrative remedies, and Plaintiffs Lane and Pierce are DISMISSED WITHOUT PREJUDICE from this action. The defendants' motions to dismiss [Docket #76 and #78] are GRANTED with respect to all of Plaintiff Lowery's claims, except his claim concerning keeping a fez in his cell and wearing it for religious services. All claims except for Plaintiff Lowery's claim concerning keeping a fez in his cell and wearing it for religious services are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. The plaintiffs' cross-motion for summary judgment [Docket #93] is DENIED with leave to re-urge on Plaintiff Lowery's remaining claims, in accordance with the court's scheduling order.

**IT IS SO ORDERED** this 29th day of March 2011.

Ronald A. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**