# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL D. LOWERY, )
)
Plaintiff, )
)
v. ) No. CIV 09-286-RAW-SPS
)
DREW EDMONDSON, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the remaining defendants' second motion to dismiss or for summary judgment [Docket No. 143]. On March 29, 2011, the court dismissed James E. Lane and Elco Q. Pierce, two of the three original plaintiffs, from this action for failure to exhaust their administrative remedies [Docket No. 102], leaving Michael Lowery as the sole plaintiff. All of Lowery's claims, except his claims arising under 42 U.S.C. § 1983 that concern his keeping a fez in his cell and wearing it for religious services, also were dismissed without prejudice for failure to exhaust administrative remedies. The remaining defendants are Drew Edmondson, former Attorney General for the State of Oklahoma; Justin Jones, Director of the Oklahoma Department of Corrections (DOC); Debbie L. Morton, DOC Director's Designee; and Leo Brown, DOC Religious Coordinator.

Plaintiff Lowery, an inmate in the custody of the DOC who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, alleges he is an Acting Grand Sheik for the Moorish Community at the Davis facility. He claims his religion requires him to carry his headgear, consisting of a fez, to religious services. He, therefore, asserts he should be allowed to keep his fez in his cell and carry it to the services, and he objects to storing it in the chaplain's office. He further alleges that keeping the fez in his cell would give him better control against abuse, disrespect, or harassment, and that members of other religions are allowed to wear their headgear wherever and whenever they desire. He maintains the new religious headgear policy, which requires headgear to lay flat on the head, was enacted under

the pretext of security, when its real purpose was to arbitrarily and maliciously deny constitutional rights to the adherents of his non-mainstream religion.

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), and *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)).

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of the defendants' motion.

The defendants allege, among other things, that plaintiff has failed to show that any of them personally participated in the acts or omissions of which he complains. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). The plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk*

*County v. Dodson*, 454 U.S. 312, 325 (1981). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. Apr. 18, 2008) (citing *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996)). Supervisory liability will lie only "where an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (internal quotation marks omitted). Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

Here, plaintiff has made no allegations that any of the remaining four defendants personally participated in not allowing him to keep his fez in his cell or wear it for religious services. Defendants Edmondson and Jones are mentioned in the complaint, but without any allegations of their actions. Plaintiff's claim about Defendant Morton concerns her response to a grievance appeal, which is insufficient to constitute personal participation for the alleged constitutional deprivations. Finally, the only allegation against Defendant Brown is that "for all the plaintiffs know, defendants Leo Brown and Justin Jones may be . . . Masons." This is a concern to plaintiff, because he asserts that in the 1770's, George Washington gave "specific instructions to 'take the Fez and Turban' off the Moors' head!'" to perpetuate their enslavement in America [Docket No. 1-2 at 12]. These unsupported allegations against Brown and Jones, however, are not linked to any action that allegedly denied plaintiff's rights with regard to his fez.

Based on the foregoing reasons, the court finds the allegations in plaintiff's complaint are vague and conclusory, the allegations do not rise to the level of a constitutional violation, and plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**ACCORDINGLY,** Defendants Drew Edmondson, Justin Jones, Debbie Morton, and

Leo Brown's second motion to dismiss [Docket No. 143] is GRANTED. All other claims having previously been denied, this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this  27th  day of September 2012.

Ronald A. White
United States District Judge
Eastern District of Oklahoma